**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

1. Bryanna Nieria WILSON; and
2. Oluwatoyosi Ayotunde IDOWU,

Plaintiffs,

vs.

Case No.

1. Markwayne MULLIN, Secretary of Homeland Security, in his official capacity;
2. Joseph EDLOW, Director of U.S. Citizenship and Immigration Services, in his official capacity;
3. Angelica ALFONSO-ROYALS, U.S. Citizenship and Immigration Services Deputy Director, in her official capacity;
4. Sarah KENDALL, U.S. Citizenship and Immigration Services Associate Director for Field Operations Directorate, in her official capacity;

Defendants.

**COMPLAINT FOR DECLARATORY, MANDAMUS,**

**AND INJUNCTIVE RELIEF**

## INTRODUCTION

1. Plaintiffs, a married couple, have submitted their I-130 petition to U.S. Citizenship and Immigration Services. Until now, Plaintiffs remains without a decision on that application. Plaintiff Oluwatoyosi Idowu has a pending removal case before the Dallas Immigration Court, and the Immigration Judge has required that the I-130 petition be adjudicated by Defendants by November 17, 2026. Defendants at the Department of Homeland Security are both responsible for the I-130 adjudication and are also the prosecuting party in Immigration Court, giving them an unjust reason to delay processing of the I-130.
2. This action is brought to compel Defendants and those acting under them to adjudicate Plaintiff's I-130 petition.
3. As the Defendants have failed to undertake their mandatory duty to render a decision on this application expeditiously, Plaintiffs seek a writ of mandamus from this Honorable Court compelling Defendants to adjudicate Plaintiffs' applications. 28 U.S.C. § 1361.
4. Further, Plaintiffs seek to compel Defendants to adjudicate the application, pursuant to the Administrative Procedures Act ("APA") because Defendants have "unlawfully withheld or unreasonably delayed" the adjudication of their applications. 5 U.S.C. § 706(1).

## JURISDICTION, VENUE, AND STANDING

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331 and the Mandamus Act, 28 U.S.C. § 1361. The Court may grant injunctive relief pursuant 5 U.S.C. §§ 701 and 706 and 28 U.S.C. § 1361. The United States has waived its sovereign immunity pursuant to 5 U.S.C. § 702.

6. Venue is proper with the Western District of Oklahoma because the Plaintiffs are longtime residents of that district. Therefore, venue is proper under 28 U.S.C. § 1391(e)(2) (West 2010).

7. Plaintiffs have standing to bring this claim, suffering injury in the form of lack of status and great uncertainty about when they will receive any decision from USCIS. Moreover, Plaintiff Oluwatoyosi suffers from the threat of an order of removal from the Immigration Court due to the lack of action on his pending USCIS application. This injury is due to the Defendants' refusal to timely adjudicate the Plaintiffs' application.

**PARTIES**

8. Plaintiff Oluwatoyosi Ayotunde Idowu is a longtime resident of Yukon, Oklahoma. He is married to co-Plaintiff Bryanna Nieria Wilson. Plaintiff Bryanna filed the I-130 petition with Oluwatoyosi Idowu as the beneficiary on October 17, 2026.

9. Plaintiff Bryanna Nieria Wilson is a longtime resident of Yukon, Oklahoma, who filed the Plaintiffs' application with USCIS on October 17, 2026. She is married to co-Plaintiff Oluwatoyosi Idowu.

10. Defendant Markwayne Mullin is the Secretary of Homeland Security, an "agency" within the meaning of the APA. 5 U.S.C. § 551(1). He is sued in his official

capacity, as well as his successors and assigns. The Department of Homeland Security oversees USCIS and its various offices, along with ICE and its various offices.

11. Defendant Joseph Edlow is the Director of USCIS and is sued in his official capacity, as well as his successors and assigns. USCIS is an "agency" within the meaning of the APA. 5 U.S.C. § 551(1). In this capacity, he oversees the adjudication of immigration benefits and establishes and implements governing policies. 6 U.S.C. § 271(a)(3)(b). He has ultimate responsibility for the adjudication of I-130 petition and is being sued in his official capacity.

12. Defendant Angelica Alfonso-Royals is the U.S. Citizenship and Immigration Services Deputy Director. As such, she is responsible for the policies and actions, including adjudications of applications, at USCIS Service Centers. She is sued in her official capacity.

13. Sarah Kendall is the U.S. Citizenship and Immigration Services Associate Director for Field Operations Directorate. As such, she is responsible for the policies and actions, including adjudications of applications, at USCIS Field Offices. She is sued in her official capacity.

## STATEMENT OF FACTS

14. Plaintiffs are a married couple who reside in Yukon, Oklahoma.

15. Plaintiff Bryanna is a U.S. citizen by birth. Plaintiff Oluwatoyosi is a citizen of Nigeria who entered the United States with a visa. Plaintiffs were married on

August 11, 2026.

16. After Plaintiffs were married, Bryanna filed the I-130 petition with USCIS to establish the marital relationship between the Plaintiffs.

17. Plaintiff Bryanna filed the I-130 petition on October 17, 2026. USCIS received the I-130 petition on October 17, 2026, and issued the receipt notice on October 18, 2026.

18. The I-130 petition has been pending with USCIS ever since, without further movement.

19. On July 28, 2026, Plaintiff Oluwatoyosi was placed in removal proceedings before the Dallas Immigration Court, due to the fact that he currently has no status.

20. At Plaintiff Oluwatoyosi's last Immigration Court hearing, the Immigration Judge stated that he *must* have a decision on his I-130 petition before the next hearing on November 17, 2026.

21. The Department of Homeland Security is the agency both responsible for adjudication the I-130 petition and responsible for the prosecution of removal proceedings against Oluwatoyosi.

22. Plaintiff Oluwatoyosi now faces a hearing with the Immigration Court on November 17, 2026, where he will be ordered removed if he does not have a decision on his I-130 petition, due to Defendants' inaction.

## CAUSES OF ACTION

### Count 1 – Violation of the APA

23. All foregoing allegations are repeated and realleged by reference as though fully restated here.

24. The APA serves as a vehicle for challenging unreasonable agency delays and inaction. *See Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 451 (6th Cir. 2022).

25. The APA provides that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Further, U.S. District Courts shall "compel agency action unlawfully withheld or unreasonably delayed". See 5 U.S.C. § 706(1). Agency action includes a failure to act. See 5 U.S.C. § 551(13).

26. Under the APA, USCIS, DHS and/or Defendants have a mandatory duty to adjudicate Plaintiffs' I-130 petition, and to do so within a reasonable time. *See* 8 C.F.R. §103.2 (b)(19). The statute requires a written decision on applications. *Id.*

27. In order to determine what a reasonable time is, this Court must assess six factors, known as "TRAC Factors." *See Telecomms. Rsch. & Action Ctr. v. FCC (TRAC)*, 750 F.2d 70 (D.C. Cir. 1984).

28. The TRAC Factors are:

i. whether the time an agency takes to rule on a decision is governed by the rule of law;

ii. where Congress provided a timetable or other indication of the speed in which it expects an agency to act, then the enabling statute and statutory scheme may supply content for this "rule of reason";

iii. delays in the realm of economic regulation are less tolerable when human health and welfare are at stake;

iv. consideration of the effect of expediting delayed action on agency actions of higher or competing priority;

v. the nature and extent of the interests prejudiced by the delay; and

vi. the impropriety of agency lassitude is not required to find that agency action has been unreasonably delayed.

29. USCIS is a sub-agency of DHS. As such, DHS is currently serving as the adjudicators of the Plaintiffs' I-130 petition.

30. The attorneys from the Office of the Principal Legal Advisor (OPLA) are part of U.S. Immigration and Customs Enforcement (ICE). ICE is part of the Department of Homeland Security.

31. Here, DHS is serving as both the prosecuting party, prosecuting Plaintiff Oluwatoyosi in his immigration court proceedings under ICE, and as the adjudicators of the Plaintiffs' I-130 petition under USCIS.

32. Despite the roles of prosecution and adjudicators being clearly conflicting roles, DHS is serving as both in the case of Plaintiff Oluwatoyosi.

33. Due to DHS' conflicting roles as both prosecutors and adjudicators, DHS alone holds control over the course of both Plaintiff Oluwatoyosi's immigration proceedings and the amount of time it takes to adjudicate Plaintiffs' I-130 petition.

34. Plaintiffs challenge the reasonableness of Defendants' delays or inaction in the

adjudication of their I-130 petition.

35. Here, any delay by DHS in the adjudication of the Plaintiffs' I-130 petition is unreasonable and inherently unfair under the *TRAC* factors.

36. Regarding the first and second *TRAC* factors, even if Congress does not impose any specific timing requirements for a required agency action, "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). '

37. As Plaintiff Oluwatoyosi's prosecutors in immigration court, DHS has an unjust interest in delaying the adjudication of the Plaintiffs' I-130 petition.

38. Human health and welfare are clearly at stake in this case, where the Plaintiffs are suffering from the insecurity of not knowing whether Oluwatoyosi's legal status will be regularized, due to the delay in adjudication. Directly because of Defendants' continuing failure to adjudicate Plaintiffs' applications, Plaintiff Oluwatoyosi is suffering the fear and insecurity of facing a removal order from an immigration judge and the possibility of physical removal from the country. Both Plaintiffs suffer from the fear surrounding the possibility of being separated from one another through Oluwatoyosi's possible deportation, due to the Defendants' delay.

39. Agency actions of higher priority cannot outweigh the need for action in this particular case, given the severe human suffering at stake.

40. The interests prejudiced by the delay here involve the Plaintiffs' need for security

and knowledge of whether Oluwatoyosi's status will be regularized through these applications. This interest is in even greater jeopardy due to the impending threat of a deportation order, since Oluwatoyosi is currently in immigration court proceedings while he is awaiting Defendants' adjudication of his application. Thus, Plaintiff Oluwatoyosi's interests that are threatened by Defendants' delays also include his physical liberty and the interest of remaining with his lawful wife. Each day that Defendants do not adjudicate the I-130 petition increases the risk that Oluwatoyosi will be ordered removed and forcibly separated from his wife at his next court hearing on November 17, 2026.

41. Defendants' unlawful failure to act and unreasonable delays in adjudicating the I-130 petition have caused and will continue to cause Plaintiffs substantial injury and harm to their welfare. If Defendants are left unchecked, Oluwatoyosi may be ordered removed and forcibly separated from his wife.

42. In summary, applying the *TRAC* Factors to this case, it is obvious that the delay by Defendants here is inherently unreasonable and is causing daily, unconscionable prejudice to the Plaintiffs.

**Count 2 – Mandamus Act**

43. All foregoing allegations are repeated and realleged by reference as though fully restated here.

44. The Mandamus Act provides the Court with the authority to compel an officer or employee of any agency of the United States to perform a duty owed to the

plaintiff. 28 U.S.C §1361.

45. A writ of mandamus is appropriate where the following requirements are met: 1) the plaintiff has a right to have such act performed; 2) the defendant is under a mandatory duty to perform the act requested; and 3) no other adequate remedy is available. *See id.*

46. Plaintiffs satisfy the requirements of a writ of mandamus compelling USCIS to take action on the I-130 petition.

47. First: Plaintiffs have the legal right to have their I-130 petition. *See* 8 C.F.R. § 12 103.2(b)(19) (requiring a written decision on petitions and applications).

48. Second: Congress has imposed a mandatory duty on USCIS to adjudicate applications within a reasonable time. *See* 8 U.S.C. §1571.

49. Third: Plaintiffs have no other adequate remedy to compel Defendants to perform their duties.

50. USCIS's delay in this case is so egregious and is causing such deep human suffering and causing impingement on a basic liberty interest that this Court's intervention is needed. *See Telecomms. Rsch. & Action Ctr. v. FCC* (TRAC), 750 F.2d 70 (D.C. Cir. 1984).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court:

1. Assume jurisdiction over this action;

2. Declare that Defendants' delays in adjudicating Plaintiffs' I-130 petition are unreasonable and violative of the APA and INA;

3. Enter an order compelling Defendants to perform their duty adjudicate the I-130 petition within five days of an Order by this Court, or in any case, no later than November 16, 2026;

4. Award Plaintiffs' counsel reasonable costs and attorney's fees under the Equal Access to Justice Act, 28 U.S.C. 2412(d), 5 U.S.C. 504, or any other applicable law; and

5. Award other relief as the Court deems necessary or proper.

Respectfully submitted this 6th day of November, 2026.

/S/ Elissa R Stiles
*Attorney for Plaintiffs*
Rivas & Associates
PO Box 470348
Tulsa, OK 74147
estiles@rivasassociates.com
918-419-0166 T
918-513-6724 F

**VERIFICATION**

I represent Plaintiffs, Bryanna Nieria Wilson and Oluwatoyosi Ayotunde Idowu, and submit this verification on their behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Mandamus are true and correct to the best of my knowledge.

Dated this 6th day of November, 2026.

/S/ Elissa R Stiles
Elissa Stiles